UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALFRED McMULLAN, JR., )
)
      Petitioner, )
)
v. ) No. 4:06CV1809 HEA
) (TIA)
DON MOORE, )
)
      Respondent. )

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

This cause is before the Court on Missouri state prisoner Alfred McMullan Jr.'s pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254 (filed December 21, 2006/Docket No. 2). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On March 20, 2002, Petitioner was convicted by a jury in the Circuit Court of Washington County, Missouri, of second degree murder and sentenced to a term of thirty years. (Petition at 1; State v. McMullan, 104 S.W.3d 439 (Mo. Ct. App. 2003)). Petitioner appealed the judgment, and on April 29, 2003, Petitioner's conviction and sentence were affirmed on direct appeal by the Missouri Court of Appeals. (McMullan, 104 S.W.3d at 439 ; Petition at 2). The Missouri Court of Appeals issued its Mandate on June 5, 2003, and Petitioner did not seek discretionary review by filing a Motion for Rehearing and/or Transfer to the Supreme Court. (Resp. Exh. A at 3; Petition at 2). On August 25, 2003, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence. (Resp. Exh. B at 1; Petition at 3). The post-conviction relief court dismissed Petitioner's post-conviction motion on January 21, 2005. (Resp. Exh. B at 6; Petition at 3). On

December 27, 2005, the Missouri Court of Appeals affirmed the dismissal of Petitioner's post-conviction relief. (Resp. Exh. C at 3). On January 23, 2006, the Missouri Court of Appeals issued its Mandate. (Resp. Exh. C at 3; Petr. Exh. A at 6). On March 10, 2006, Petitioner filed a Motion for Special Order Permitting Motion for Rehearing or Transfer Out of Time, and the Court of Appeals summarily denied the motion on March 17, 2006. (Resp. Exh. C at 3). On June 16, 2006, Petitioner filed a Motion to Reopen Judgment under Supreme Court Rule 74.06. (Petr. Exh. A at 7). On November 21, 2006, Petitioner filed a Motion to Reopen Post-Conviction Procedures under Missouri Supreme Court Rule 29.15. (Petr. Exh. A at 7). On April 8, 2008, the circuit court entered an Order denying the pending motions finding that Rule 74.06 does not apply to criminal matters. (April 8, 2008, Order, Cause No. 03cv613512 at www.courts.mo.gov/casenet). With respect to Petitioner's Motion to Reopen Post-Conviction Procedures, the circuit court opined as follows:

> Although Respondent's Motions speak in terms of abandonment by counsel, the cases cited by Movant deal with situations where appointed counsel did absolutely nothing after appointment. In the case at bar, it is apparent that appointed counsel investigated the matter, and made a conscious decision not to file an amended motion, as reflected by the Statement and Waiver in Lieu Amended Motion, and the Movant's subsequent acceptance thereof. Movant's contentions regarding the specific allegations of his initial Rule 29.15 Motion are in the nature of attacks on the competency of his post-conviction counsel, which are not cognizable in a 29.15 Motion. ... Movant's Motions to Reopen Judgments pursuant to Supreme Court Rules 29.15 and 74.06 are denied.

(Petitioner's Exh. E at E1; April 8, 2008, Order, Cause No. 03cv613512 at www.courts.mo.gov/casenet). Petitioner pursued no other action for review of his conviction and sentence in state court. The instant petition for writ of habeas corpus, signed by Petitioner on December 15, 2006, was filed in this Court on December 21, 2006, upon its receipt.[1]

---

[1]According Petitioner the benefit of the prison mailbox rule, the undersigned considers the instant petition to have been filed December 15, 2006, the date on which such petition was

Petitioner is currently incarcerated at Potosi Correctional Center in Mineral Point, Missouri, pursuant to the sentence and judgment of the Circuit Court of Washington County. In the instant petition for writ of habeas corpus, Petitioner raises various claims for relief in four-six grounds. In response to this Court's Order to Show Cause, Respondent requests the Court to dismiss the instant petition arguing that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filling of the instant petition. For the following reasons, Respondent's argument is well taken.

Pursuant to 28 U.S.C. § 2244(d)(1)A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for a writ of habeas corpus in federal court under 28 U.S.C. § 2254. For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgment becomes final, and thus the one-year statute of limitations is triggered by either:

> (I) the conclusion of all direct criminal appeals in the State system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was never sought, in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). Because Petitioner did not file a petition for writ of certiorari upon the conclusion of his direct appeal in this cause, his state court judgment became final the day after the direct-appeal mandate issued by the Missouri Court of Appeals. Riddle v. Kemna, Cause No. 06-2542 (8th Cir. Apr. 8, 2008). The Eighth Circuit Court of Appeals recently held that Petitioner is not entitled to the benefit of the ninety-day period for seeking a writ of

---

verified by Petitioner. See generally Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999).

certiorari from the United States Supreme Court. Riddle v. Kemna, Cause No. 06-2542 at 8 (8th Cir. Apr. 8, 2008). The Eighth Circuit found that the statute of limitations starts to run the day after the direct-appeal mandate issued by the Missouri Court of Appeals. Id. at 9-10. In the instant cause, Petitioner's conviction was affirmed on direct appeal on April 29, 2003, and the Missouri Court of Appeals issued the mandate on June 5, 2003. As such, the one-year period within which Petitioner had to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 commenced June 5, 2003. Petitioner had until June 7, 2004, to file a habeas petition in federal court, unless the one-year limitation was subject to tolling.[2]

Under 28 U.S.C. § 2244(d)(2), however, the one-year limitation period for filing a habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review ... is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002); and the time during the appeal process up through and including the date upon which the court of appeals issues its mandate. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006). It is not pending, however, "between the date direct review concludes and the date an application for state postconviction relief is filed." Id. (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). The appeal of a post-conviction relief motion remains pending until the Missouri Court of Appeals issues its mandate.

---

[2]June 5, 2004, actually marks the end of the one-year period. However, because June 5, 2004, was a Saturday, it would have been excluded from the one-year time computation pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, and Petitioner would have had until June 7, 2004, to seek federal habeas relief. Fed. R. Civ. P. 6(a) (computation of time periods excludes the day of the act and includes the last day of the period unless it is a Saturday, Sunday, or legal holiday).

Pierson v. Dormire, 484 F.3d 486, 495 (8th Cir. 2007). The Eighth Circuit explained, in Williams, 299 F.3d at 983, as follows: Further, the statute is tolled once he files a timely and properly filed post-conviction relief motion and remains tolled until the mandate issues in his appeal. *See* Williams, 299 F.3d at 983 (holding that the limitations period is tolled "during the appeal period, even if the petitioner does not appeal.").

In this cause, Petitioner filed a motion for post-conviction relief on August 25, 2003, thereby triggering the tolling provision of § 2244(d)(2). All appellate review of the motion ended on December 27, 2005, when the Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction relief, thereby ending the tolling of the one-year limitations period. Williams, 299 F.3d at 983; see also Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (time to seek certiorari after post-conviction review is not tolled). The Missouri Court of Appeals issued its mandate on January 19, 2006. As such, the limitations period in this cause was tolled from August 25, 2003, when Petitioner filed his motion for post-conviction relief, through January 19, 2006, the date upon which the Missouri Court of Appeals issued its mandate on Petitioner's appeal thereof. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (application for state post-conviction review is pending until the mandate is issued). Petitioner signed the instant petition on December 15, 2006, and filed the petition on December 21, 2006, 330 days after the conclusion of appellate review of his post-conviction motion.

The time between the date that direct review of a conviction is completed and the date that an application for state collateral relief is filed counts against the one-year limitations period. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). As such, the time between June 5, 2003 (the date Petitioner's conviction became final), and August 25, 2003, (the date Petitioner filed his post-

conviction motion), is not tolled and must be included in the period within which Petitioner could file a federal habeas petition. Therefore, this 81- day period counts against the one-year limitations period. Totaling this period with the 330-day period which elapsed subsequent to the conclusion of post-conviction appellate review, the sum of 411 days had elapsed prior to the filing of the instant habeas petition.[3] Likewise, the filing of Petitioner's Motion to Reopen Judgment under Supreme Court 74.06 on June 16, 2006, and Motion to Reopen Post-Conviction Procedures under Missouri Supreme Court Rule 29.15 on November 21, 2006, would not have tolled the one-year statute of limitations inasmuch as they were filed after the close of the post-conviction relief proceedings and did not constitute a properly filed application for state post conviction or other collateral review for purposes of tolling the statute of limitations for the filing of federal habeas petitions. On the record before the Court, the instant petition is untimely filed under the provisions of 28 U.S.C. § 2244(d)(1)(A).

Petitioner argues that the filing of his Motion for Leave to File Motion to Reopen Judgment under Supreme Court Rule 74.06 filed on June 16, 2006, and Motion To Reopen Post-Conviction Procedures under Missouri Supreme Court Rule 29. 15 filed on November 21, 2006, serves to toll the one-year limitations period.

A "properly filed" application for state post conviction or other collateral review, such as would toll the statute of limitations for the filing of federal habeas petitions, is one that meets all of the state's procedural requirements. Artuz v. Bennett, 531 U.S. 4, 9 (2000); Beery, 312 F.3d at 950-51 (citing Lookingbill v. Cockrell, 293 F.3d 256, 260-61 (5th Cir. 2002)). Courts interpret the words

---

[3]Even if the undersigned included the seven-day period Petitioner's Motion for Special Order Permitting Motion for Rehearing or Transfer Out of Time was pending before the Missouri Court of Appeals, the instant petition would still be time barred.

"properly filed" narrowly. Beery, 312 F.3d at 950-51 (citing Lookingbill, 293 F.3d at 260).

Rule 74.06 of the Missouri Rules of Civil Procedure permits the filing of a motion for relief from final judgment on various grounds within one year of the judgment entry but applies only to judgments or orders entered in civil actions. Rule 41.01 of the Missouri Rules of Civil Procedure. Rule 74.06 cannot be used to attack a criminal judgment as Petitioner sought to do in this case. Roath v. State, 998 S.W.2d 590, 593 (Mo. Ct. App. 1999). A criminal defendant seeking to attack his judgment of conviction and sentence is limited to relief pursuant to a direct appeal, Rule 29.15, or a writ of habeas corpus. Id. Accordingly, the filing of the Motion for Leave to File Motion to Reopen Judgment under Supreme Court Rule 74.06 filed on June 16, 2006, was not a properly filed application for state post conviction or other collateral review such as would toll the statute of limitations for the filing of federal habeas petitions. *See* Artuz v. Bennett, 531 U.S. 4,. 9 (2000); Storey v. Roper, No. 4:05-CV-2073(JCH), 2007 WL 957313, at *4 (E.D. Mo. Mar. 27, 2007) ("motions that do not attack the judgment are not considered 'other collateral.'"); Nixon v. Daugherty, 186 S.W.3d 253, 254 (Mo. banc 2006) ("Rule 74.06(d) does not allow a trial court to entertain an independent action to relieve a party from a judgment ..., but applies only to judgments or orders entered in civil actions.")). .

Petitioner's Motion To Reopen Post-Conviction Procedures under Missouri Supreme Court Rule 29. 15 filed on November 21, 2006, likewise is not a properly filed application for state post conviction or other collateral review inasmuch as Petitioner filed the instant motion beyond the thirty-day time limit. Missouri Supreme Court Rule 75.01 provides that the circuit court retains jurisdiction to "vacate, reopen, correct, amend, or modify" a judgment within thirty days following its entry. The court has no jurisdiction to consider reopening a post-conviction judgment beyond this thirty-day time

limit. *See* State v. McElroy, 838 S.W.2d 43, 49 (Mo. Ct. App. 1992). A narrow exception to the thirty-day time limit exists to allow the reopening of a judgment to address claims of abandonment by post conviction counsel. State ex rel. Nixon v. Jaynes, 63 S.W.3d 210, 217-18 (Mo. banc 2001). Assuming for the sake of argument the filing of the motion tolled the running of the statute of limitations, Petitioner's petition would still be untimely filed because only an additional twenty-four days would have been tolled. Inasmuch as Petitioner did not file the instant petition for writ of habeas corpus until December 15, 2006, the petition is untimely filed and should be dismissed. 28 U.S.C. § 2244(d)(1).

The one-year filing period set out in § 2244(d)(1) is not a jurisdictional bar, but rather is a statute of limitations subject to equitable tolling in appropriate circumstances. Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003). To the extent it can be argued that Petitioner invokes the doctrine of equitable tolling by claiming that he received ineffective assistance of post-conviction counsel, this claim does not rise to the level of "extraordinary circumstances" to justify such tolling. "[E]quitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction." Cross-Bey, 322 F.3d at 1015. Petitioner's contention that post-conviction counsel abandoned him does not account for the passage of time between January 23, 2006 and December 15, 2006.

Finally, Petitioner's contention that counsel advised him that he had one year from the time the Missouri Court of Appeals issued its decision within which to file a federal habeas petition fails to demonstrate that "extraordinary circumstances" made it impossible for him to timely file the instant petition. As such, equitable tolling is not justified in this cause. *See* Beery, 312 F.3d at 951; Gray

v. Gammon, 283 F.3d 917, 918 (8th Cir. 2000); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (counsel's confusion about the applicable statue of limitations does not warrant equitable tolling).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that the petition of Alfred McMullan, Jr. for a writ of habeas corpus be **DISMISSED** without further proceedings for the reason that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER RECOMMENDED** that Petitioner's Renewed Motion for Stay and Abeyance Based on Newly Discovered Evidence (Docket #12) be **DENIED**.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of June, 2008.