UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALFRED McMULLAN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1809 HEA |
| ) | |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, [Doc. No. 20], of United States Magistrate Judge Terry I. Adelman, pursuant to 28 U.S.C. § 636(b). Judge Adelman recommends that the Petition for Writ of Habeas Corpus, [Doc. No. 1], be dismissed as untimely filed and that Petitioner's Renewed Motion for Stay and Abeyance Based on Newly Discovered Evidence, [Doc. No. 12] be denied. Petitioner has filed Objections to the Report and Recommendation. When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). The Court, therefore has reviewed the entire record before it to determine the timeliness of Petitioner's filing.

## Discussion

Defendant objects to Judge Adelman's finding that his Motions to Reopen were not properly filed applications for state post conviction relief or other collateral review. Petitioner argues that the report and recommendation analysis should be based on the state court's ruling.

Judge Adelman correctly analyzes Missouri law. Initially, Judge Adelman concluded that the June 16, 2006 Motion for Leave to File Motion to Reopen Judgment, based on Rule 74.06 of the Missouri Rules of Civil Procedure, did not qualify as an application for state post conviction relief or other collateral review because Rule 74.06 applies to judgments or orders entered in civil actions. Therefore, there was no tolling of the one year statute of limitations.

Secondly, with respect to Petitioner's Rule 29.15 Motion, which was filed on November 21, 2006, even assuming that the Motion was timely filed because it was based on abandonment of counsel, *i.e.*, the limited exception to the thirty day Rule found in Rule 75.01, see *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 217-18 (Mo. banc 2001), Petitioner would only be afforded a tolling of an additional twenty-four days. Petitioner's petition was filed 81 days out of time. Thus, even giving Petitioner the additional twenty-four days for the pendency of his Motion to Reopen, he is still time barred.

Furthermore, Petitioner has not set forth any grounds to establish that the

doctrine of equitable tolling should apply. See *Riddle v. Kemna,* 523 F.3d 850 (8th Cir. 2008). Accordingly, his Petition for Writ of Habeas Corpus was not timely filed and should be dismissed.

### **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right

### **Conclusion**

Having conducted a *de novo* review of the record before the court, Petitioner's objections are overruled. The Report and Recommendation contains a very thorough analysis of the facts regarding the filing of Petitioner's state pleadings and applicable law. The Court, therefore will adopt Judge Adelman's Recommendation.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1],

is dismissed as untimely filed.

**IT IS FURTHER ORDERED** that Petitioner's Renewed Motion for Stay and Abeyance Based on Newly Discovered Evidence, [Doc. No. 12], is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

A separate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 18th day of August, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE